# CAPITOL COAL COMPANY
## *v.*
## STATE OF ILLINOIS.

*Opinion filed November 23, 1912.*

1. CONTRACTS—*no recovery under—when.* Claimant seeks to recover fifty cents for each ton of coal delivered at the Power House, in addition to the contract price. *Held,* that under the constitution, statutes, advertisement, proposal and contract, claimant cannot recover.

2. DELIVERY—*elements of:* a. The time of delivery; b. The quantity to be delivered; c. The place of delivery.

3. SAME—*place of.* If no place of delivery is appointed in the contract, it is the duty of the seller to ascertain from the buyer where he will receive them. (*Bean* v. *Simpson,* 16 Me., 40.)

Albert Salzenstein, for Claimant.

W. H. Stead, Attorney General, for State.

The petition in this case shows, that the claimant is a corporation organized and existing under the laws of the State of Illinois, with its principal office in the city of Springfield, Illinois, and engaged in the business of mining and selling coal; that on or about July 30, 1908, the Commissioners of State Contracts, advertised for proposals "for furnishing bituminous coal * * * for the period beginning October 1, 1908, and ending September 30, 1910. The said coal to be delivered as directed by the Secretary of State, at such time or times and in such quantities as the Secretary of State may direct"; that the petitioner on September 5, 1908, made a proposal in writing "to furnish coal in accordance with the foregoing advertisement for the use of the State of Illinois, from the first day of October, 1908, to the 30th day of September, 1910", which proposal was accepted by the Commissioners of State Contracts, and a contract was entered into between the commissioners and claimant, in which said advertisement for proposals was referred to, and in which said claimant agreed to furnish coal for the required period

upon the terms and in the manner prescribed in the statutes in such cases made and provided; that claimant entered upon the performance of its contract and delivered to the State of Illinois, all the coal that it was directed by the Secretary of State to deliver, the total amount being thirteen thousand twenty-six and sixty-eight hundredths (13,026.68) tons, and delivered it at such times and in such quantities as he directed; that the Secretary of State directed it to deliver all of said coal at the Power House of the State of Illinois, in the city of Springfield, Illinois; that upon the presentation by claimant of its first bill, it included and asked for the payment of fifty cents (50c) per ton for delivery at said Power House, over and above the contract price, but, that the Secretary of State refused to so include it, claiming, that under the contract, claimant was bound to deliver the coal at said Power House of the State of Illinois.

The Attorney General, representing the State of Illinois, has filed a demurrer to this claim.

The question then submitted for our decision is, whether the claimant is entitled to recover from the State of Illinois fifty cents (50c) per ton for delivering the coal at the said Power House, taking into consideration the advertising for proposals, the proposal of claimant, the contract and the statutes of the State of Illinois.

The advertisement for proposals provides as follows, "for furnishing bituminous coal of the following grades, etc., * * * the said coal to be delivered as directed by the Secretary of State." The proposal of claimant provided as follows: 'Capital Coal Company propose to furnish coal in accordance with the foregoing advertisement, etc." The contract provided among other things as follows: "The said party of the first part agrees to furnish coal for the State of Illinois * * * upon the terms and in the manner prescribed in the statute in such cases made and provided."

The constitution and laws of the State of Illinois

provide, that the fuel furnished for the use of the State should be let by contract to the lowest responsible bidder, and that the commissioners shall advertise in a daily paper, published at Springfield, for the proposals to furnish fuel for the State. Section 55, chap. 127, Hurd's Statute 1911, page 2195 provides, ''on the delivery of any fuel, the Secretary of State shall examine the same as to quality and quantity and if he finds the same to be in accordance with the contract, he shall give his receipt therefor, and if it is not according to the contract he shall reject it. He shall keep an account of all fuel delivered to him and by him furnished to the State House and several officers to which fuel may be furnished.'' From the above quotations, from the advertisement, the proposal, the contract and the statutes, it is clear, to our mind, that the contract provides for the furnishing of the coal and also for the delivery of the coal as directed by the Secretary of State.

Bringing the coal to the tipple by the claimant, might perhaps, be said to be a furnishing of the coal, but could not be said to be a delivery to the State of Illinois. Section 55 provides for the inspection of the coal as to quality and quantity on the delivery of any fuel. This section clearly provides for the delivery of the fuel and does not contemplate that the Secretary of State shall inspect the fuel, at the tipple of the claimant, and if he finds the same to be in accordance with the contract give his receipt therefor.

From the foregoing we think the only fair construction to be placed upon the contract in question is, that the claimant was under obligation to deliver the coal in question at the Power House of the State of Illinois, in Springfield, at the prices specified in its proposal and, that it was not entitled to make an additional charge for so delivering the coal.

The advertisement for bids was open to all bidders, without regard to location of their place of business, and all bidders were asked to make proposals for the

same thing, i. e., "For furnishing bituminous coal * * * for the period beginning October 1, 1908, and ending September 30, 1910; the said coal to be *delivered* as directed by the Secretary of State at such time or times and in such quantities as the Secretary of State may direct." If the contention of the claimant is the law, then all bidders would not be bidding on the same thing. If the proposal of the claimant means furnishing coal at the tipple of the claimant, then a like proposal by a dealer in coal in the city of Chicago, would mean that he would furnish the coal proposed at his coal yards in the city of Chicago and the Secretary of State would be compelled to inspect it there. This contention would be absurd.

The cases of *Smith* v. *Gillette,* 50 Ill., 290, and *Bosworth* v. *Frankberger,* 15 Ill., 509, cited by counsel for claimant, are not in point, for the reason, that the contracts in question in those cases did not provide for delivery, whereas, in the case at bar the contract was to furnish and deliver.

In making a delivery three elements are necessary:

(1) The time or times of delivery.

(2) The quantity or quantities to be delivered.

(3) The place of delivery.

(1) The time or times of delivery, and (2) the quantity or quantities to be delivered are specifically placed under the direction of the Secretary of State. It is unnecessary to state (3) the place of delivery, for it was evident from the fact, that it was to be furnished and delivered for "the use of the State of Illinois," that said coal was to be delivered to the State of Illinois, and "under the direction of the Secretary of State of the State of Illinois."

In *Bean* v. *Simpson,* 16 Me., 49, it is held that if no place is appointed in the contract for the delivery of specific articles, it is the duty of the seller to ascertain from the buyer where he will receive them. 35 Cyc., 172.

Where the goods are bulky and cumbersome and no place of delivery is fixed, the seller should ask the buyer to appoint the place of delivery. 35 Cyc., 173, citing *Allen* v. *Woods,* 24 Pa. State, 76; *Mallory* v. *Lyman,* 4 Chandl. (Wis.), 143.

We are therefore of the opinion, that the contract in question required the claimants to deliver the coal in question to the Power House of the State of Illinois, upon the direction of the Secretary of State, and that claimant is not entitled to any additional compensation for so delivering it; that in consequence the demurrer of the defendant, the State of Illinois, is sustained and the case is dismissed.